IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SOUTH HAVEN HOMEOWNERS ASSOCIATION, INC.<br><br>Plaintiff,<br><br>v.<br><br>MO-DAD UTILITIES, LLC<br><br>Defendants, | CIVIL ACTION NO. 3:17-cv-514<br><br>JUDGE<br><br>MAGISTRATE JUDGE |

COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND PENALTIES

## INTRODUCTION

1. This citizen suit under the federal Clean Water Act is brought by the South Haven Homeowners Association, Inc. as a result of years of chronic violations of a wastewater discharge permit held by Mo-Dad Utilities, LLC. The permits at issue are for a wastewater treatment facility owned and operated by Defendant. Under the terms of the wastewater treatment permit, referred to as Louisiana Pollutant Discharge Elimination System or ("LPDES") permits, Defendant is permitted to discharge treated sewage effluent into Felder Bayou and West Colyell Creek. In order to protect public health and the environment, these permits contain mandatory limits for dissolved oxygen, ammonia, total suspended solids ("TSS"), biochemical oxygen demand ("BOD"), and fecal coliform set by the Louisiana Department of Environmental Quality. By consistently discharging effluent with dissolved oxygen, TSS, BOD, ammonia, and

fecal coliform at levels not allowed by their permits, the Defendant has violated sections 301 and 307 of the Clean Water Act, 33 U.S.C. §§ 1311, 1342.

2. BOD is an indicator of the organic waste remaining in the sewage that Defendant flushes into Louisiana's streams. This organic waste removes dissolved oxygen from the water making it harder for fish and other aquatic wildlife to survive. Fecal coliform is a bacterial colony that originates in feces within the intestines of humans and other warm-blooded animals. Fecal coliform is an indicator of bacterial contamination, such as E. Coli and other pathogens. TSS is an indicator of all undissolved waste remaining in the sewage water that Defendants flush into Louisiana's streams, such as toilet paper and feces. Ammonia is a chemical component of urine and can be highly toxic, causing lower reproduction and growth, or death.

**PARTIES**

3. South Haven Homeowners Association is the homeowners association for the neighborhood whose wastewater Mo-Dad is required to treat. South Haven Homeowner Association's interest in water quality flows directly from the personal interests of its members who own property adjacent to the waterways at issue in this suit, and who use those waters that receive the sewer discharges from the Defendant's facilities for recreation and aesthetic enjoyment. Further the members of South Haven Homeowners Association have a personal interest in not having their own waste harm the environment. Water pollution and threats to water quality from Defendant's facilities and its repeated violation of its permit directly harm the members of South Haven Homeowners Association.

4. Mo-Dad Utilities, LLC appears in the records of the Louisiana Department of Environmental Quality as the owner and/or operator of the sewer treatment facilities at issue in

this suit. Mo-Dad Utilities, LLC is directly responsible for complying with the terms of its LPDES permits from the Louisiana Department of Environmental Quality and for ensuring that adequate monitoring of discharges has taken place.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over this action pursuant to 33 U.S.C. § 1365(a) (Clean Water Act's citizens suit provision) and 28 U.S.C. § 1331 (federal question jurisdiction). In accordance with the notice requirements of the Clean Water Act's citizen suit provision, 33 U.S.C. § 1365(b); 40 C.F.R. § 135.2, South Haven Homeowners Association provided sixty days written notice to the utility regarding the allegations on which this suit is based, which was delivered on April 6th, 2017.

6. Venue is appropriate in this judicial district and in this court pursuant to 33 U.S.C. § 1365(c), in that the violations of the effluent standards and limitations giving rise to the claims in this suit occurred in the Middle District of Louisiana.

## BACKGROUND

7. Congress passed the Clean Water Act in 1972 to "restore and maintain the chemical, physical, and biological integrity of the nation's waters." Clean Water Act § 101(a), 33 U.S.C. § 1251. In the Act, Congress identified the national goal of eliminating "the discharge of pollutants into navigable waters" by 1985. Clean Water Act § 101(a)(1), 33 U.S.C. § 1251(a)(1). In furtherance of this goal, the Clean Water Act provides a comprehensive approach for the regulation of pollution discharges into the waters of the United States. Section 301 of the Act prohibits the "discharge of any pollutant by any person" without proper authorization, such as a permit issued under sections 402 or 404. 33 U.S.C. § 1311(a). One of the most common

types of direct dischargers is the wastewater treatment facility, which treats primarily domestic sewage. These dischargers must comply with the terms in their National Pollutant Discharge Elimination System, or "NPDES," permits. 33 U.S.C. § 1342(h). Section 1342(b) provides for the issuance of such permits by individual States. In Louisiana, the issuance of such permits has been delegated to the Louisiana Department of Environmental Quality, and is referred to as a Louisiana Pollutant Discharge Elimination System, or "LPDES" permit.

8. Congress provided for enforcement of the discharge limitations in the Clean Water Act through citizen suits like the present one. Title 33 U.S.C. § 1365 permits a citizen to bring a claim for a violation of any effluent standard or limitation under the Act. Violation of an NPDES permit is a violation of an effluent standard or limitation and is actionable under the citizen suit provision of the Clean Water Act.

**DEFENDANTS' PERMIT VIOLATIONS**

9. Mo-Dad Utilities, LLC has owned and operated the South Haven Subdivision Wastewater Treatment Facility in Denham Springs, Louisiana since before 2012. This facility discharges pollutants pursuant to LPDES General Permit No. LA0123831, which authorizes it to discharge sewage from the facility into Felder Bayou and thence to West Colyell Creek. The permit requires monthly discharge monitoring reports (DMRs) and sets limitations on the amount of total suspended solids (TSS), biological oxygen demand (BOD), ammonia, dissolved oxygen, and fecal coliform that may be contained in the discharged sewer. A review of the DMRs for the South Haven Subdivision Treatment Facility between April of 2012 and December of 2016 shows repeated, severe violations of these permit limits. The excessive discharges from the South Haven Subdivision facility pollute Felder Bayou and West Colyell Creek with

inadequately treated feces, urine, and other human waste. The violations are detailed in the attached Exhibit A.

**PRAYER FOR RELIEF**

WHEREFORE, the South Haven Homeowners Association respectfully prays that this Court grant it the following relief:

(1) A declaration that the Defendant's violations of the terms of its discharge permit constitute violations of the Clean Water Act and its implementing regulations;

(2) An award of civil penalties in an appropriate amount based on the number of days in which the Defendant was in violation of the Clean Water Act for each violation;

(3) An injunction requiring the Defendant to take all actions necessary, including the installation of appropriate treatment technology, to prevent violation of the terms of its permit and the Clean Water Act in the future;

(4) Retain jurisdiction of this matter to ensure compliance with its decrees;

(5) An award of plaintiff's attorneys' fees, expert fees, and other costs; and

(6) Such other and further relief as the Court finds proper in the premises.

Dated this 3rd day of August, 2017.

Respectfully submitted,

Waltzer Wiygul & Garside LLC

*s/ Clay Garside*

Clay Garside, LA Bar #29873
Cheryl Wild-Don De'Ville #28805
Waltzer Wiygul & Garside LLC
14399 Chef Menteur Highway #D
New Orleans, LA 70129
Telephone: (504) 254-4400
Fax: (504) 254-1112