IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SOUTH HAVEN HOMEOWNERS ASSOCIATION, INC. | CIVIL ACTION NO. 3:17-cv-514 |
| Plaintiff, | JUDGE DICK |
| v. | MAGISTRATE JUDGE BOURGEOIS |
| MO-DAD UTILITIES, LLC | |
| Defendant, | |

## CONSENT JUDGMENT

On the consent and agreement of the Parties to this Consent Judgment, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

### I. JURISDICTION

1. This Court has jurisdiction over the subject matter herein and the parties to this action pursuant to 33 U.S.C. § 1365 and 28 U.S.C. §§ 1331 and 1355.

### II. VENUE

2. Venue is proper in the United States District Court for the Middle District of Louisiana, pursuant to 33 U.S.C. § 1365, and 28 U.S.C. §§ 1391(b) and 1395(a), because it is the judicial district in which the alleged violations occurred.

## III. PARTIES BOUND

3. This Consent Judgment applies to, and is binding upon, the plaintiff, South Haven Homeowners Association, Inc. ("South Haven HOA") and the defendant, Mo-Dad Utilities, L.L.C. ("Mo-Dad") ("Defendant"), and their officials, officers, directors, employees, agents, servants, successors, and assigns.

4. Effective upon the date of entry of this Consent Judgment until its termination, as provided in Paragraph 17, Defendant shall give written notice of this Consent Judgment to any successors in interest prior to transfer of ownership, management, operation, or maintenance of any portion of Mo-Dad's wastewater treatment facilities or wastewater collection and transmission systems and shall provide a copy of this Consent Judgment to any successor in interest.

## IV. OBJECTIVES

5. It is the express purpose of the Parties to further the objectives set forth in section 101 of the Clean Water Act ("CWA"), 33 U.S.C. § 1251, and to resolve South Haven HOA's claims for civil penalties and injunctive relief alleged in the Complaint in a manner consistent with the public interest, the CWA, and regulations promulgated under the CWA.

## V. COMPLIANCE WITH APPLICABLE LAW

6. All activities undertaken by Defendant pursuant to this Consent Judgment shall be performed in accordance with the requirements of all applicable federal and state laws and regulations.

## VI. STIPULATION OF LIABILITY

7. Mo-Dad stipulates that it is civilly liable for violating the terms of the Clean Water Act permit(s) at issue in this suit.

## VII. REMEDIAL MEASURES

8. The following schedule of remedial measures will be completed at, or in connection with, the South Haven Subdivision Treatment Plant, AI No. 127042, LPDES Permit No. LAG570326, owned and operated by Mo-Dad:

| **Description** | **Remedial Measure** | **Schedule** |
|---|---|---|
| Treatment plant | Replace blowers with adequately sized blowers | Within one month after blowers are delivered by manufacturer (blowers have already been ordered) |
| South Haven 3-068-138 lift station | Partial rebuild of lift station and add telemetry, according to the requirements of Consolidated Compliance Order & Notice of Potential Penalty, Enforcement Tracking No. WE-CN-14-00412, issued by Louisiana Department of Environmental Quality ("LDEQ) on January 16, 2015, as may be amended ("CCO&NOPP") | By November 30, 2017 |
| Pine Meadows 068-139 lift station | Partial rebuild of lift station and add telemetry, according to the requirements of the CCO&NOPP | By November 30, 2017 |

| Description | Remedial Measure | Schedule |
|---|---|---|
| Treatment plant | Rebuild treatment plant, add tertiary filter, and add telemetry, according to the requirements of the CCO&NOPP | By no later than the 3rd calendar quarter following funding of the third-party loan to be obtained by Mo-Dad, based on the rate increase approved by the Louisiana Public Service Commission (LPSC) (LPSC Docket No. U-33011) |

Anything contained in this Consent Judgment to the contrary notwithstanding, if LDEQ acknowledges, in writing, that Mo-Dad has satisfactorily completed the remedial measures required under the CCO&NOPP at, or in connection with, the South Haven Subdivision Treatment Plant, AI No. 127042, such remedial measures shall be deemed satisfactorily completed under this Consent Judgment.

## VIII. CIVIL PENALTY

9. Mo-Dad will pay a civil penalty to the United States Treasury in the amount of $5,000 within 90 days of the entry of this Consent Judgment.

## IX. SUPPLEMENTAL ENVIRONMENTAL PROJECT

10. Mo-Dad shall perform and complete the following Supplemental Environmental Project ("SEP"), identified in Paragraph 12, which has the objective of securing significant environmental or public health protection and improvements.

11. Defendant hereby certifies that, other than as required by this Consent Judgment, Mo-Dad is not required by any federal, state, or local law or regulation to perform the SEP; nor is Mo-Dad currently required by agreement, grant or as injunctive relief to perform the SEP.

Defendant further certifies that Mo-Dad has not received, and is not presently negotiating to receive, credit in any other enforcement action for the SEP; nor will Mo-Dad realize any profit attributable to or associated with the SEP, or receive any reimbursement for any portion of the SEP from any other person.

12. Mo-Dad will contribute $12,500 to the Louisiana Environmental Action Network ("LEAN") to fund LEAN's reasonable oversight of the remedial measures more fully described in Paragraph 8 above.

## X. OTHER CONSIDERATION

13. Mo-Dad will pay South Haven HOA's attorneys' fees and costs in the amount of $10,000 within 30 days after the entry of this Consent Judgment. Any late payment will be a violation of this Consent Judgment and subject to a Motion To Enforce.

14. South Haven HOA will use reasonable efforts to insure that its members do not make public comments that disparage Defendant about matters related to this litigation and settlement.

15. Mo-Dad shall not use the expenditure of any funds made pursuant to Paragraphs 9 through 13 above, as a part of the basis for any rate filing submitted to the Louisiana Public Service Commission.

## XI. CONTINUING JURISDICTION OF THE COURT

16. The Court shall retain jurisdiction over South Haven HOA and the Defendant, until termination of this Consent Judgment as provided in Paragraph 17, to effectuate and enforce the terms and conditions of this Consent Judgment, to achieve the objectives of this Consent Judgment, and to resolve disputes as between South Haven HOA and the Defendant arising

hereunder as may be necessary or appropriate for the construction, modification, implementation, or execution of this Consent Judgment.

## XII. TERMINATION OF CONSENT JUDGMENT

17. The Consent Judgment shall, by its own terms, terminate under the following conditions:

a. Mo-Dad shall inform South Haven HOA upon completion of the remedial activities for the facility within ten working days of completion. Mo-Dad shall inform South Haven HOA of the payment of the SEP when it is made. Mo-Dad shall maintain and make available within five working days upon request from South Haven HOA all documentation related to the completion of the remedial measures and the payment of SEP funds for the duration of this Consent Judgment.

b. Following completion of remedial measures at the facility, South Haven HOA, shall have the opportunity, but not the obligation, to send a representative of its choice who has appropriate credentials to be qualified to verify the correct and timely completion of the remedial measures.

c. South Haven HOA shall have 90 days following notification of the final completion of all remedial measures at the facility within which to complete its verification and file a Motion to Enforce this Consent Judgment, or other appropriate motion. Mo-Dad shall identify the final notification as such and shall include the following statement: THIS NOTICE TRIGGERS THE 90 DAY PERIOD TO FILE A MOTION TO ENFORCE. This final Notification shall be deemed effective as of the postmarked date on the notification which is to be sent by certified mail to Clay Garside at 14399 Chef Menteur Highway, Suite D, New Orleans, Louisiana 70129.

d. If no Motion to Enforce, or other appropriate motion, is filed in the above-captioned suit within 90 days of the final notification identified in Paragraph 17.c., this Consent Judgment will terminate following the 90th day.

e. If a Motion to Enforce, or other appropriate motion, is filed in the above-captioned suit within 90 days of the final notification identified in Paragraph 17.c., this Consent Judgment will continue in effect until either the motion is denied or, if the motion is granted, the process outlined in this Paragraph 17 has been repeated to completion without a motion being filed in a subsequent 90 day period.

## XIII. ENFORCEMENT AND MODIFICATION

18. The Parties reserve any and all legal and equitable remedies available to enforce the provisions of this Consent Judgment prior to termination. Should South Haven HOA or Mo-Dad be required to seek the Court's intervention to enforce compliance with this Consent Judgment, the noncompliant party will pay the reasonable attorney's fees and costs necessary to enforce compliance.

19. The material terms of this Consent Judgment shall not be changed, revised, or modified except by a written instrument signed by the Parties to this Consent Judgment and shall not take effect until approval by the Court following proper notice to the United States. Any non-material modification of this Consent Judgment shall be in writing and signed by the parties.

## XIV. NOTICE

20. No consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to 45 days following receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA pursuant to 33 U.S.C.

§ 1365(c)(3). A "no objection" letter from the Department of Justice was filed with the Court on December 4, 2017 (Rec. 10)

Baton Rouge, Louisiana, this the 31 day of Jan, 2018.

Shelly Dick

**SHELLY D. DICK**
**UNITED STATES DISTRICT JUDGE**